**ORIGINAL**

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

2004 MAR -4 PM 4:01

CLERK
S.D. OF GA.

| | | |
|---|---|---|
| Moran Towing Corporation, | * | |
| Cooper/T. Smith Stevedoring, Inc., | * | |
| and | * | Civil Action No. CV404-035 |
| Virginia International Terminals, Inc., | * | |
| Plaintiffs, | * | |
| v. | * | **IN ADMIRALTY** |
| M/V CHO YANG ZENITH, its engines, tackle and apparel, | * | |
| | * | |
| Defendant in rem | * | |

\* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT IN ADMIRALTY

Plaintiffs bring this action against defendant M/V CHO YANG ZENITH (hereinafter, the "Vessel"), defendant in rem pursuant to Supplemental Admiralty Rule C, and state as follows:

### Jurisdiction and Venue

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C §§ 1333 and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Venue is proper in this Court because on or about May 11, 2001, on behalf of the owner of the Vessel, in consideration of plaintiffs' agreement not to arrest or attach the Vessel or property of owners of the Vessel, insurers issued letters of undertaking ("LOU's") providing that

the insurers would secure judgment against defendant in favor of each plaintriff, as provided in such letter of undertaking, and further would:

> file or cause to be filed a claim of the Owners to the [Vessel] in a suit filed or to be filed against the Vessel in the United States District Court for the Southern District of Georgia . . . .

### The Parties

4. At all times relevant hereto, plaintiff Moran Towing Corporation was a corporation organized and existing by virtue and under the laws of the State of Delaware, engaging in towage and tug services; Cooper/T. Smith Stevedoring, Inc. was a corporation organized and existing by virtue and under the laws of the State of Louisiana engaging in stevedoring services; and Virginia International Terminals was a corporation existing by virtue and under the laws of the State of Virginia engaging in the provision of wharfage and dockage services.

5. The Vessel is an ocean-going container vessel.

### Maritime Lien Claims Against the Vessel and Freights

6. Between August 2000 and March 2001, plaintiffs, at the special instance and request of Cho Yang Shipping Company, Ltd. ("Cho Yang"), then the charterer of the Vessel, and/or its agents, performed and rendered certain tug, stevedoring and wharfage services and provided such services to the Vessel, amounting to the principal sums of $36,434.95 (Moran), $61,781.86 (Cooper/T.Smith), and $24,636.15 (Virginia International Terminals), for the total principal sum of $122,852.96, excluding interest and costs. All of such provisions to the Vessel were necessary to the Vessel's voyage, and plaintiffs provided them to the Vessel on the order of the Vessel's charterer or agents.

7.   For the said services and expenses which plaintiffs provided to the Vessel, Cho Yang promised to pay the rates agreed upon between plaintiffs and defendant Cho Yang. Such services and expenses were necessary for the operation of the Vessel.

8.   By reason of the premises, there is justly due and owing to plaintiffs the amounts set out in paragraph 6 immediately above together with interest, for which under the general maritime law and 46 U.S.C. §31301 et. seq., plaintiffs have maritime liens against the Vessel.

9.   Payment of the sums overdue to plaintiffs has been duly demanded by plaintiffs from Cho Yang, and from the owner of the Vessel, but no part thereof has been paid.

10.  Plaintiffs demand judgment against the Vessel, as provided herein, on the security provided.

## DEMAND FOR JUDGMENT

WHEREFORE, plaintiffs respectfully demand judgment and pray as follows:

1)   That on the security and undertakings provided, that there be an appearance and answer filed on behalf of the Vessel or claimant to the Vessel, and Owners, as if the Vessel had been arrested in rem pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters aforesaid;

2)   That this Court pronounce judgment in favor of plaintiffs, against the Vessel for plaintiffs' damages in the principal sums of $36,434.95 (Moran), $61,781.86 (Cooper/T.Smith), and $24,636.15 (Virginia International Terminals), for the total principal sum of $122,852.96, with interest and costs and the disbursements of this action;

3) That such judgment be paid from or through the security provided on behalf of Vessel; and

4) That this Court award plaintiffs such other and further relief that this Court deems just and proper.

Dated: March 4, 2004.

ELLIS, PAINTER, RATTERREE & ADAMS LLP

_____
Paul W. Painter, Jr.
Georgia Bar No. 559450

_____
Margaret S. Puccini
Georgia Bar No. 645880

Attorneys for Plaintiffs

P. O. Box 9946
Savannah, Georgia 31412
Telephone:   912-233-9700
Facsimile:   912-233-2281

OF COUNSEL:
J. Stephen Simms
W. Charles Bailey, Jr.
Simms Showers LLP
Suite 702
Twenty South Charles Street
Baltimore, Maryland 21201
Telephone: 410-783-5795
Facsimile: 410-510-1789

## VERIFICATION

I am counsel to plaintiffs. I verify under solemn affirmation that the facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of plaintiffs made available to me by plaintiffs.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on March 4, 2004.

                                           ELLIS, PAINTER, RATTERREE & ADAMS LLP

                                           Paul W. Painter, Jr.
                                           Georgia Bar No. 559450
                                           Attorneys for Plaintiffs

P. O. Box 9946
Savannah, Georgia 31412
Telephone:   912-233-9700
Facsimile:    912-233-2281

## VERIFICATION

I am a principal of the law firm of Simms Showers LLP, counsel to plaintiffs. I verify under solemn affirmation that the facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of plaintiffs made available to me by plaintiffs.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on February 24, 2004.

_____
J. Stephen Simms
Simms Showers LLP
Suite 702
Twenty South Charles Street
Baltimore, Maryland 21201
(410) 783-5795

Attorneys for Plaintiffs